# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

GEORGE ROBERT BREWINGTON,       )
                                )
          Petitioner,           )
                                )
vs.                             )     NO. CIV-11-0111-HE
                                )
DAVID MILLER, Warden,           )
                                )
          Respondent.           )

## ORDER

Petitioner, a state prisoner appearing *pro se*, filed this suit pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell, who recommended the petition be denied. Because petitioner has objected to the Report and Recommendation, the matter is reviewed *de novo*. 28 U.S.C. § 636(b)(1).

At trial, a jury found petitioner guilty of possessing a controlled dangerous substance within 1000 feet of a public park and in the presence of a minor child under the age of 12 (count one), possessing a controlled dangerous substance without a tax stamp affixed (count two), and unlawfully possessing drug paraphernalia (count four).[1] At the sentencing stage, the trial judge sentenced petitioner to a 30-year term of imprisonment as to count one, a 30-year term of imprisonment as to count two, and a 1-year term of imprisonment as to count four. On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the

---

[1] Petitioner was charged in a three count "2nd Amended Information." For reasons not clear from the record, the three counts were identified in the information as counts 1, 2 and 4.

convictions as to counts one and four, but vacated the conviction as to count two.² Petitioner later filed a request for post-conviction relief which was denied by the state district court but not appealed. Petitioner next filed a second request for post-conviction relief which, after denial by the district court, he did appeal. The OCCA dismissed the appeal on the basis it was not timely filed. Petitioner then filed this case.

In his habeas petition, Mr. Brewington asserts four grounds for relief, all directed to his count one conviction for possession.³ In a thorough Report and Recommendation, the magistrate judge found petitioner's first three grounds—that there was a conflict of interest involving various judicial and law enforcement officials, that petitioner was denied effective assistance of trial counsel, and that petitioner's trial counsel misled him during the trial and did not permit him to assist during jury selection—were all procedurally barred. The magistrate judge also rejected petitioner's fourth ground, which asserts insufficiency of the evidence to support the count one possession conviction. Petitioner filed an objection to the Report and Recommendation, largely reasserting arguments originally stated in his petition.

The court has conducted a *de novo* review of petitioner's claims and agrees with the magistrate judge that the petition should be denied. As the magistrate judge properly concluded, grounds one, two and three are procedurally barred because petitioner did not

---

²*The court concluded petitioner possessed an insufficient quantity of drugs to establish the elements of count two and therefore vacated that count of conviction.*

³*Petitioner has not challenged his conviction on count four. See Petitioner's Objection [Doc. #13].*

timely appeal the denial of his second request for post-conviction relief. Generally, "if state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." Magar v. Parker, 490 F.3d 816, 818 (10th Cir. 2007) (citing Woodford v. Ngo, 548 U.S. 81, 93 (2006)). Only if petitioner can show cause for his procedural default and resulting prejudice or that a failure to review his claims will result in a fundamental miscarriage of justice will petitioner's procedural default be excused. Id. at 819. Except for petitioner's blanket assertion that his "whole case is a [f]undamental miscar[r]iage of [j]ustice . . . ," petitioner has not demonstrated either cause and prejudice or a fundamental miscarriage of justice. The "fundamental miscarriage of justice" exception to the procedural default rule "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 820. Here, as noted below, there was evidence sufficient to sustain petitioner's conviction. And as noted in the Report and Recommendation, petitioner's arguments fall short of the affirmative demonstration necessary to a claim of actual innocence in this context.[4]

With respect to ground four of the petition, the court concludes petitioner's challenge

---

[4]*To the extent petitioner's claim of miscarriage of justice is based on his objection to the significantly lighter sentence received by his co-defendant, it is unpersuasive. Petitioner's seven prior felony convictions are a likely explanation for at least part of the difference.*

3

to the sufficiency of the evidence must also be rejected.[5]  Petitioner reasserts his argument that "[m]ere presence does not mean guilt." [Doc. #1].  While petitioner is correct that mere proximity to a controlled substance is not sufficient to support a conviction for possession, *see* Gilreath v. State, 627 P.2d 443, 445 (Okla. Crim. App. 1981), there was, as noted in the Report and Recommendation, other evidence offered at trial tending to show his possession of the drugs.  He also objects that there was no "scientific" proof or evidence that he possessed the drugs within 1000 feet of a public park.  However, there is no requirement of which the court is aware that such distances be proven by "scientific" or other expert testimony, and petitioner has provided no authority to the contrary.  Based on all the facts and evidence presented at trial, a rational jury could have reasonably concluded that petitioner had knowledge of, and at least shared control over, the drugs in the apartment.

Having made the necessary *de novo* review, and for substantially the reasons stated by Magistrate Judge Purcell, the court **ADOPTS** the Report and Recommendation.  The petition for writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of June, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[5]Because this ground was denied by the OCCA on its merits, it is reviewed under the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").